15085. EXCHANGE BANK OF SPRINGFIELD *v.* BECKWITH.

STEPHENS, J. 1. Knowledge by a bank cashier that a certain corporation, which is being promoted in the community, is taking subscriptions to its capital stock upon condition that the subscribers thereto shall not become liable upon their subscriptions until a certain amount of stock is subscribed and until the debts of another corporation, which it is to absorb, are paid is not such a circumstance as will charge the cashier with notice that a promissory note, in the hands of a person who is known to him as the agent of the corporation to solicit stock subscriptions, was in fact given for such conditional subscription to the capital stock of the corporation, although the proceeds of the note were, at the instance of the agent who presented it for discount at the bank, credited to the account of the corporation, where the note was made payable to the maker and by him indorsed in blank, and where the note was an ordinary promissory note which did not indicate on its face that it was given for corporate stock or that its becoming a binding obligation was conditional.

2. The fact that the holder of a note is an agent of a corporation for certain purposes would not preclude him from acquiring title to a note to which his principal is an entire stranger; and therefore knowledge of such agency by a person acquiring title to the note from the agent would not constitute notice, or amount to a circumstance sufficient to charge any one with notice, that the corporation had a legal or equitable interest in the note, or that the note had been given for the purchase of stock in the corporation.

3. Nor would the fact that the proceeds derived from the discount of the note were by the holder deposited in the bank to the credit of the holder's principal, the corporation, with knowledge by the bank of the holder's agency as above indicated, imply that the transaction was other than a payment by the agent to the corporation of the agent's own funds; and therefore such fact would not constitute notice, or amount to a circumstance sufficient to charge any one with notice, that the corporation had a legal or equitable interest in the note, or that the note had been given for the purchase of stock in the corporation.

4. Where the bank, through its cashier, under such circumstances dis-

counted the note before its maturity, the bank was a bona fide purchaser for value in due course; and, in a suit upon the note by the bank against the maker and another person as accommodation indorser, neither the plea by the defendants that the note had not become a binding obligation, nor that its execution had been procured by fraud, was supported by the evidence, and the verdict found for the defendant was therefore unauthorized.

5. The court erred in overruling the plaintiff's motion for a new trial.

          *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

          DECIDED OCTOBER 1, 1924.

Complaint; from Effingham superior court—Judge Hardeman presiding. September 10, 1923.

*H. P. Cobb,* for plaintiff.

*Hitch, Denmark & Lovett,* for defendants.